**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY EDWARD CIAVONE,

    Plaintiff,                         Civil Action No. 2:14-13133
v.                                      HONORABLE VICTORIA A. ROBERTS
                                        UNITED STATES DISTRICT JUDGE

MARK T. SLAVENS, et. al.,

    Defendants,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

### I. INTRODUCTION

The Court has before it Plaintiff Anthony Edward Ciavone's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. Plaintiff says he was convicted in 2004 in the Wayne County Circuit Court of first-degree premeditated murder and first-degree felony murder. Plaintiff's conviction was affirmed on direct appeal. Petitioner also unsuccessfully sought state post-conviction review of his conviction. Plaintiff indicates that he and his parents attempted to file a legal malpractice action against his criminal defense attorney, Sanford Schulman, for failing to ensure that Plaintiff was competent to stand trial. Plaintiff claims that the defendants, either judges or employees of the Wayne County Circuit Court, refused to file his tort action several times, claiming that the court never received the filing fee or other documents. Plaintiff further claims that when his action was finally accepted for filing, Judge Mark T. Slavens of the Wayne County

1

Circuit Court misconstrued his legal malpractice action as a post-conviction motion and dismissed it on the ground that Plaintiff was barred under M.C.R. 6.502(G) from bringing a successive post-conviction motion.

The Court concludes that Plaintiff's complaint must be summarily dismissed. It fails to state a claim upon which relief may be granted and defendants are entitled to immunity. The Court also concludes that an appeal from this decision cannot be taken in good faith.

## II.  STANDARD OF REVIEW

Plaintiff has proceeded without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*,

860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. DISCUSSION

Plaintiff's primary claim is that the defendants denied him access to the courts.

The fundamental constitutional right of access to courts requires prison authorities to assist inmates in the preparation and filing of legal papers by providing them with adequate law libraries and with assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the holding in *Bounds* does not guarantee inmates the wherewithal to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip and fall claims." The tools that *Bounds* requires to be provided are those the inmates need to attack their sentences or to

challenge their conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Prisoners have a constitutional right of access to the courts which extends to direct appeals, habeas corpus applications, and civil rights claims only. *Thaddeus-X v. Blatter*, 175 F. 3d 378, 391 (6th Cir. 1999). A prisoner fails to state a claim for violation of the right of access to the courts, absent an allegation that the defendants hindered his or her pursuit of a direct criminal appeal, a petition for writ of habeas corpus, or a civil rights action to vindicate his or her basic constitutional rights. *Smith v. Campbell*, 113 F. App'x 85, 87 (6th Cir. 2004).

Plaintiff claims that the defendants' actions prevented him from filing a legal malpractice action against his criminal defense attorney. A prisoner's right of access to courts does not extend to pursuing a legal malpractice claim under state law in the state courts. *See Wilson v. Klein,* 75 F. App'x 479, 480 (6th Cir. 2003). Plaintiff failed to establish that his right of access to the courts was violated.

The complaint is also subject to dismissal because the defendants are immune from suit.

First, the Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state waived its immunity and consented to suit, or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), nor did Congress abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v.*

*Jordan*, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and thus enjoy the same sovereign immunity as the State of Michigan. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762–64 (6th Cir. 2010). Eleventh Amendment immunity likewise applies to state employees, i.e., the defendant judges and court employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F. 3d 282, 289 (6th Cir. 2010)(citing *Cady v. Arenac Co.*, 574 F. 3d 334, 344 (6th Cir. 2009)). The defendants are entitled to Eleventh Amendment immunity.

Second, the defendants are entitled to absolute judicial immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)(per curiam)(judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002)(two court clerks who did not provide prisoner with copies of previous filings and transcripts were entitled to quasi-judicial immunity); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)(per curiam)(court clerk who issued erroneous warrant on judge's order was immune from suit); *Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 873 (E.D. Mich. 2008) (adopting magistrate judge's report). Additionally, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. See 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive

5

relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446–47 (E.D. Mich. 2006). Plaintiff's allegations regarding the handling of his legal malpractice action involve the performance of judicial and quasi-judicial duties. The defendants are entitled to absolute immunity.

## IV. CONCLUSION

Plaintiff failed to state a claim upon which relief may be granted, and defendants are entitled to Eleventh Amendment and judicial immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                  S/Victoria A. Roberts
                                  **HON. VICTORIA A. ROBERTS**
                                  UNITED STATES DISTRICT JUDGE

Dated: 9/8/2014